Lisa S. Kantor (SBN: 110678)
lkantor@kantorlaw.net
J. David Oswalt (SBN: 73439)
doswalt@kantorlaw.net
Elizabeth Hopkins (SBN: 324431)
ehopkins@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Kathryn M. Trepinski (SBN: 118378)
ktrepinski@trepinskilaw.com
LAW OFFICES OF KATHRYN M. TREPINSKI
A Law Corporation
8840 Wilshire Boulevard, Suite 333
Beverly Hills, California 90211
Telephone: (310) 201-0022
Facsimile: (310) 841-6872

Attorneys for Plaintiffs AURORA BAILEY and
EMILY JUMP, on behalf of themselves and all others
similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA BAILEY and EMILY JUMP, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INS. CO. dba ANTHEM BLUE CROSS; BLUE CROSS OF CALIFORNIA dba ANTHEM BLUE CROSS,<br><br>Defendant. | Case No. 4:16-cv-04439-JSW<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>DATE: August 27, 2021<br>TIME: 9:00 a.m.<br>JUDGE: Hon. Jeffrey S. White<br>CTRM: Courtroom 5, 2nd Floor<br><br>Complaint filed: August 5, 2016<br>1st Am. Complaint Filed: June 19, 2017<br>2nd Am. Complaint Filed: January 25, 2018<br>3rd Am. Complaint Filed: May 23, 2018 |

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886-2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

## NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 27, 2021 at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Jeffrey S. White, U.S. District Court Judge, in the above-titled Court, located at 1301 Clay Street, Oakland, California 94612, Plaintiffs Aurora Bailey and Emily Jump ("Plaintiffs"), on behalf of themselves and all others similarly situated will, and do hereby move, for preliminary approval of the settlement of the above-captioned class action and for approval of notice to the Class of the settlement, pursuant to Federal Rule of Civil Procedure 23(e).

Plaintiffs seek entry of the [Proposed] Preliminary Approval Order (1) which grants preliminary approval of the class action settlement between Plaintiffs and Defendant Anthem Blue Cross Life and Health Insurance Company, preliminary approval of Class Counsel and Class Representatives, and preliminary appointment of the Settlement Administrator; and (2) directs the mailing of the proposed Notice to the Settlement Class.

Plaintiffs' motion is based upon this Notice and Motion, the accompanying Memorandum in Support of the Unopposed Motion for Preliminary Approval, the Declarations of Lisa S. Kantor and Kathryn M. Trepinski, the Settlement Agreement, the [Proposed] Preliminary Approval Order and the [Proposed] Order Appointing Special Master, all filed concurrently, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: July 15, 2021       KANTOR & KANTOR, LLP

LAW OFFICES OF KATHRYN M. TREPINSKI
By: /s/ Lisa S. Kantor
      Lisa S. Kantor
Attorneys for Plaintiffs AURORA BAILEY and EMILY JUMP, on behalf of themselves and all others similarly situated

# TABLE OF CONTENTS

I.  SUMMARY OF ARGUMENT ....................................................1

II. SUMMARY OF THE CASE ....................................................1

    A.  Factual Background ..............................................1

    B.  Procedural History ..............................................3

    C.  Discovery and Legislative Efforts ..............................4

III. DESCRIPTION OF THE SETTLEMENT ....................................4

    A.  Reprocessing of Class Members' Claims .........................4

    B.  Anthem's Business Practice Changes ............................5

IV. PRELIMINARY CLASS CERTIFICATION AND APPROVAL OF A CLASS ACTION SETTLEMENT UNDER RULE 23 ............................6

V.  THE SETTLEMENT CLASS SHOULD BE CERTIFIED ......................6

    A.  The Settlement Class Satisfies the Rule 23(a) Requirements ..........7

        1.  Rule 23(a)(1) - Numerosity ..................................7

        2.  Rule 23(a)(2) - Commonality ................................7

        3.  Rule 23(a)(3) – Typicality ...................................8

        4.  Rule 23(a)(4) – Adequacy of Representation ......................9

    B.  The Settlement Class Satisfies the Rule 23(b)(3)  Requirements.....9

        1.  Rule 23(b)(3) – Predominance ..........................10

        2.  Rule 23(b)(3) - Superiority ..............................10

VI. THE PROPOSED SETTLEMENT SATISFIES THE REQUIREMENTS FOR PRELIMINARY APPROVAL ........................................11

    A.  The Standard for Preliminary Approval ........................11

    B.  The Settlement Satisfies the Rule 23(e)(2) Requirements ...........12

        1.  Rule 23(e)(2)(A) - Adequate Representation ...................12

        2.  Rule 23(e)(2)(B) - Negotiation of the Settlement Agreement ........................................................12

        3.  Rule 23(e)(2)(C) - Adequate Relief.........................13

        4.  Rule 23(e)(2)(D) - Equitable Treatment of Class Members ......................................................14

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

C.    The Notice Plan Satisfies the Rule 23(e)(1)(B) Notice Requirements ............................................................... 15

VII.   THE PROPOSED SCHEDULE .......................................................... 15

VIII.  CONCLUSION ................................................................................... 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KANTOR & KANTOR LLP**
**19839 Nordhoff Street**
**Northridge, California 91324**
**(818) 886 2525**

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:16-CV-04439-JSW

# TABLE OF AUTHORITIES

## Federal Cases

*Baker v. SeaWorld Entm't, Inc.*,
2020 WL 4260712 (S.D. Cal. Jul. 24, 2020)...................................................12, 13

*Churchill Village, L.L.C. v. General Electric*,
361 F.3d 566 (9th Cir. 2004).............................................................................15

*Fraley v. Facebook, Inc.*,
966 F. Supp. 2d 939 (N.D. Cal. 2013)...............................................................12

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998)....................................................................8, 9, 10

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir.1992)................................................................................8

*Ikonen v. Hartz Mountain Corp.*,
122 F.R.D. 258 (S.D. Cal. 1988)..........................................................................7

*In re GSE Bonds Antitrust Litig.*,
414 F. Supp. 3d 686 (S.D.N.Y. 2019)................................................................12

*In re Nassau Country Strip Search Cases*,
461 F.3d 219 (2d Cir. 2006)...............................................................................11

*In re Tableware Antitrust Litig.*,
484 F. Supp. 2d 1078 (N.D. Cal. 2007).............................................................15

*Leyva v. Medline Indus. Inc.*,
716 F.3d 510 (9th Cir. 2013)...........................................................................6, 7

*McCurley v. Royal Seas Cruises, Inc.*,
331 F.R.D. 142 (S.D. Cal. 2019)..........................................................................7

*Millan v. Cascade Water Services, Inc.*,
310 F.R.D. 593 (E.D. Cal. 2015)........................................................................14

*Murillo v. Pacific Gas & Elec. Co.*,
266 F.R.D. 468 (E.D. Cal. 2010)..........................................................................6

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004)........................................................................13

*Ramirez v. DeCoster*,
203 F.R.D. 30 (D. Me. 2001)..............................................................................11

*Silva-Arriaga v. Tex. Exp., Inc.*,
222 F.R.D. 684 (M.D. Fla. 2004)........................................................................11

*Van Vranken v. Atlantic Richfield Co.*,
901 F. Supp. 294 (N.D. Cal. 1995).....................................................................15

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

*Wal-Mart Store, Inc. v. Dukes*,
  564 U.S. 338 (2011) ......................................................................................... 7, 8

*Wang v. Chinese Daily News, Inc.*,
  737 F.3d 538 (9th Cir. 2013) .................................................................................. 8

*Wit v. United Behavioral Health*,
  317 F.R.D. 106 (N.D. Cal. 2016) .................................................................. 8, 10, 11

*Wolin v. Jaguar Land Rover N. Am., LLC*,
  617 F.3d 1168 (9th Cir. 2010) ............................................................................. 10

**<u>Federal Rules</u>**

Federal Rule of Civil Procedure 23(e) ....................................................................... 1, 11

Federal Rules of Civil Procedure 23(a), (b) and (e) ......................................................... 1

Rule 23 ................................................................................................................. 6, 15

Rule 23(a) ............................................................................................................ passim

Rule 23(a) and (b) ................................................................................................. 11, 12

Rule 23(a) and Rule 23(b)(3) ....................................................................................... 7

Rule 23(a)(1) ............................................................................................................ 7

Rule 23(a)(2) ......................................................................................................... 7, 8

Rule 23(a)(3) ............................................................................................................ 8

Rule 23(a)(4) ......................................................................................................... 9, 12

Rule 23(a)(4) and Rule 23(e)(2)(A) ............................................................................. 12

Rule 23(b) ............................................................................................................. 7, 9

Rule 23(b)(3) ........................................................................................................ 9, 10

Rule 23(e)(1)(B) .................................................................................................... 1, 15

Rule 23(e)(2) .................................................................................................... 11, 12, 15

Rule 23(e)(2)(A) ...................................................................................................... 12

Rule 23(e)(2)(B) ...................................................................................................... 12

Rule 23(e)(2)(C) ...................................................................................................... 13

Rule 23(e)(2)(D) ...................................................................................................... 14

PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:16-CV-04439-JSW

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## I. SUMMARY OF ARGUMENT

In this unopposed motion, Plaintiffs Aurora Bailey and Emily Jump ask that the Court preliminarily approve a class action settlement with Defendant Anthem Blue Cross Life and Health Insurance Company ("Anthem"), appoint Class Counsel and the Settlement Administrator, and direct the mailing of notice to the Settlement Class.[1] The settlement is on behalf of a Class of California residents (1) who were enrolled under an ERISA health plan issued or administered by Anthem, (2) who had been diagnosed with an eating disorder and (3) who had a request for eating disorder treatment processed through Anthem's Utilization Review program. A Subclass consists of Class Members whose request for authorization for eating disorder treatment was denied by Anthem.

Under the proposed settlement, qualifying Subclass Members can elect to have their denied claims reprocessed by Anthem under a revised Utilization Review program or, if they choose, receive a set payment, the amount of which is dependent on whether they continued treatment ($5,000) or discontinued treatment ($2,100) after the denial. All Class Members benefit from the injunctive relief that is part of the settlement.

As explained in this motion, the proposed class action settlement meets the requirements of Federal Rules of Civil Procedure 23(a), (b) and (e) for preliminary approval and the proposed Notice complies with Rule 23(e)(1)(B). This Court should enter the proposed Preliminary Approval Order.

## II. SUMMARY OF THE CASE

### A. Factual Background

This is the fourth lawsuit brought by proposed Class Counsel against Anthem alleging that its "Utilization Review" program, a uniform set of policies and procedures used to review requests for mental health treatment, created unlawful barriers to treatment

---

[1] Capitalized terms are defined in the Definitions section of the Settlement Agreement ("SA"), attached as Exhibit A to the Declaration of Lisa S. Kantor ("Kantor Dec."), filed concurrently. An Index to the SA is attached as Exhibit B to the Kantor Dec.

for those with one of the nine psychiatric disorders classified as Severe Mental Illnesses under the California Mental Health Parity Act ("Parity Act") and, therefore, violated the Parity Act and other laws. (Kantor Dec. ¶¶ 6-22.) The earlier lawsuits were state court actions, two of which settled individually, and the third, Ames v. Anthem Blue Cross Life and Health Ins. Co., LASC Case No. BC591623 ("Ames"), settled as a class action under a settlement structure similar to the present settlement. (*Id.* at ¶¶ 14-22.) As in the present case, qualifying class members in the Ames settlement could elect to have their denied claims reprocessed by Anthem or, alternatively, could receive a set payment, the amount of which depended on whether the class member had continued or discontinued treatment after the denial. Also as in the present case, the Ames settlement involved significant injunctive relief. The Superior Court entered the final approval order in the Ames settlement in October 2020. (*Id.* at ¶ 22.)

The present lawsuit was brought by Plaintiffs Aurora Bailey and Emily Jump, on behalf of themselves and all other similarly situated. Ms. Bailey suffers from anorexia nervosa and major depressive disorder, both Severe Mental Illnesses. (Kantor Dec. ¶ 23.) In May 2014, Ms. Bailey was admitted to a residential treatment facility for treatment of her eating disorder. Anthem authorized the initial 20 days of treatment, but then denied authorization for further treatment, relying on its 2014 "medical necessity" guidelines for eating disorder residential treatment. Despite the denial, Ms. Bailey remained in treatment and paid over $75,000 for that treatment. (*Id.*)

Ms. Jump suffers from anorexia nervosa, major depressive disorder and obsessive compulsion disorder, all Severe Mental Illnesses. (Kantor Dec. ¶ 24.) In March 2017, she was admitted to residential treatment for her eating disorder. Anthem authorized 76 days of treatment, but then denied authorization for further treatment, relying on Anthem's 2017 clinical guidelines for eating disorder residential treatment. Ms. Jump remained in treatment and paid over $101,200 for that treatment. (*Id.*)

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

## B. Procedural History

The initial Complaint was filed on August 5, 2016, as a class action on behalf of a class of persons insured under Anthem ERISA plans who were diagnosed with an eating disorder and whose request for coverage for treatment was processed under Anthem's Utilization Review program, including a subclass of those whose requests resulted in denials. (Kantor Dec. ¶ 25.) In the Complaint, Ms. Bailey alleged that Anthem's denial of authorization for her continued residential treatment violated both ERISA and the federal and state parity laws and sought her denied benefits and injunctive and declaratory relief. (*Id.* at ¶ 26.) The Complaint's factual allegations regarding Anthem's Utilization Review program were essentially the same as the earlier state court lawsuits. (*Id.*)

In a series of motions to dismiss, Anthem challenged Ms. Bailey's standing on various grounds and the Court granted Anthem's motions, but with leave to amend. (Kantor Dec. ¶¶ 27-33.) In the Third Amended Compliant ("TAC") filed on May 23, 2018, Emily Jump was added as a plaintiff and the TAC no longer sought benefits, but, instead, now sought injunctive and declaratory relief requiring Anthem to reprocess the Plaintiffs' denied claims under revised procedures and guidelines. (*Id.* at ¶ 30.) Anthem filed another motion to dismiss, arguing, in part, that Ms. Bailey lacked standing to pursue prospective relief because she was not a current beneficiary under an Anthem ERISA plan and no longer sought retrospective relief in the form of benefits. (*Id.* at ¶ 31.) The Court granted the motion without leave to amend as to Plaintiff Bailey. (*Id.*) However, as to Plaintiff Jump, the Court held that Ms. Jump could not pursue the equitable remedy of a remand for reprocessing because she had an adequate remedy in a claim for damages, but she could pursue her claim for declaratory and injunctive relief requiring Anthem to revise its criteria and procedures to comply with the law, since she seeks "an order that requires Anthem to consider any of her future claims for benefits under a process that is compliant with ERISA and the California Mental Health Parity Act." (*Id.* at ¶ 32.)

Ms. Bailey filed an appeal of her dismissal, which was fully briefed and awaiting oral argument when the parties reached the present settlement. (Kantor Dec. ¶ 33.)

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

### C.    Discovery and Legislative Efforts

Because this case was factually related to the earlier-filed state court lawsuits, Plaintiffs' counsel was able, with Anthem's agreement, to rely upon the substantial discovery already taken in those cases regarding Anthem's Utilization Review program and did not need "to reinvent the wheel" by duplicating that discovery in this case.[2] Counsel for both sides relied upon deposition testimony taken and documents produced in the earlier cases in developing the issues involved in this case and, ultimately, the parameters of the settlement. (Trepinski Dec. ¶ 15**.)**

In addition, during the pendency of this case, Plaintiffs' counsel began working with the California legislature on rewriting the California Mental Health Parity Act. (Kantor Dec. ¶ 35; Trepinski Dec. ¶¶ 16-20.) Counsel realized that they could help draft legislation that would address deficiencies Anthem's Utilization Review program at issue in this case. A "dual" track approach was adopted to correct Anthem's business practices through *both* this litigation and legislative change. Plaintiffs' counsel was successful in this effort and the Class benefited from the injunctive relief obtained in the settlement and the legislative changes to the California Parity Act. (Trepinski Dec. ¶¶ 19-20.)

## III.    DESCRIPTION OF THE SETTLEMENT

### A.    Reprocessing of Class Members' Claims

The significant relief provided to qualifying Subclass Members is the opportunity to have their claims for eating disorder treatment reprocessed by Anthem under its current criteria and procedures and without the use of the unlawful medical necessity criteria and biased reviewers challenged by Plaintiffs in this lawsuit. Alternatively, Subclass Members can apply for a "set payment," the amount of which depends on whether they continued treatment or discontinued treatment after Anthem's denial.

---

[2] Declaration of Kathryn M. Trepinski ("Trepinski Dec.") ¶¶ 8-14, filed concurrently. In addition, the present case was factually related to an earlier case, *Katz v. Anthem*, LASC Case No. BC451654, filed by Ms. Trepinski, which also challenged Anthem's Utilization Review program and involved substantial discovery regarding that program. *Id.* at ¶¶ 4-7.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

**Reprocessing Subclass** – A Class Member can qualify for Reprocessing if their request for authorization for eating disorder treatment was denied for lack of medical necessity and they obtained the treatment and paid for the treatment. (SA ¶ III. A. 1. a. i.) If after Reprocessing, Anthem determines the treatment was medically necessary, the Reprocessing Subclass Member will recover the full amount of their Out-of-Pocket Payments, provided the total recovery for all Subclass Members does not exceed $400,000. If it does, Subclass Members will receive a pro rata share of the $400,000. (*Id.*)

**Continued Treatment – Set Payment Subclass** – A Class Member can qualify for a Continued Treatment – Set Payment if their request for authorization for eating disorder treatment was denied for lack of medical necessity and, after the denial, they obtained the treatment and paid for the treatment. (SA ¶ III. A. 1. a. iii.) The amount of the payment will be $5,500.00 or the full amount of their Out-of-Pocket Payments, whichever is less. (*Id.*). Anthem will make this payment if the Class Member provides proof of their payment for the continued treatment and without a determination that the continued treatment was medically necessary. (SA ¶ III. A. 1. b. ii.)

**Discontinued Treatment – Set Payment Subclass** – A Class Member can qualify for a Discontinued Treatment – Set Payment if they had a request for authorization for eating disorder treatment denied for lack of medical necessity and, as a result of the denial, they did not obtain the treatment. (SA ¶ III. A. 1. a. iv.) The amount of the payment will be $2,100.00 and Class Members who would qualify for the Reprocessing and/or Continued Treatment Subclasses can elect to participate as Discontinued Treatment Subclass Members. (*Id.*) If they do, all they have to submit is a fully completed Claim Form. (SA ¶ III. A. 1. b. iii.)

**B.    Anthem's Business Practice Changes**

In addition to the payments to qualifying Subclass Members, all Class Members will be the beneficiaries of the following injunctive relief:

a.    After this litigation was filed, Anthem discontinued using its internally created guidelines and criteria to evaluate the medical

necessity of eating disorder that were in place prior to its

adoption of the MCG Behavioral Health Care Guidelines;

b.   Anthem has also discontinued using doctors from a third-party

vendor as peer reviewers and, instead, uses in-house physicians

to conduct peer reviews;

c.   Anthem has changed its non-certification letters so that the

letters identify the peer reviewer; and

d.   Following the Settlement Effective Date, if, in denying a

request for eating disorder treatment, the Anthem peer reviewer

determines that a lower level of care is medically necessary, the

peer reviewer will identify the lower level of care that may be

available.

(SA ¶ III. A. 4.) The injunctive relief addresses deficiencies in Anthem's Utilization

Review program that were central issues in Plaintiffs' lawsuit. (Kantor Dec. ¶ 69.)

## IV.   PRELIMINARY CLASS CERTIFICATION AND APPROVAL OF A CLASS ACTION SETTLEMENT UNDER RULE 23

The approval of a class action settlement takes place in two stages. In the first stage,

the court preliminarily approves the settlement pending a fairness hearing, temporarily

certifies a settlement class, and authorizes notice to the class. *Murillo v. Pacific Gas &

Elec. Co.*, 266 F.R.D. 468, 473 (E.D. Cal. 2010). In the second stage, the court will

conduct a fairness hearing and entertain any class members' objection to (1) treating the

litigation as a class action or (2) the terms of the settlement agreement. *Id.* Following the

fairness hearing, the court will make a final determination as to whether the parties should

be allowed to settle the class action pursuant to the terms agreed upon. *Id.*

## V.   THE SETTLEMENT CLASS SHOULD BE CERTIFIED

To be certified, the putative class and any subclasses must satisfy the four threshold

requirements of Federal Rule of Civil Procedure 23(a): numerosity, commonality,

typicality, and adequacy of representation. *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512

6

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

(9th Cir. 2013). In addition, the proposed class must satisfy the requirements of Rule 23(b), which defines three different types of classes. *Id.* In the present case, the proposed class and subclass satisfy the requirements of both Rule 23(a) and Rule 23(b)(3).

### A. The Settlement Class Satisfies the Rule 23(a) Requirements

#### 1. Rule 23(a)(1) - Numerosity

While Rule 23(a)(1) requires that the class be "so numerous that joinder of all members individually would be 'impracticable,'" courts do not set "a strict numerical cut-off." *McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142, 167 (S.D. Cal. 2019). "As a general rule, classes of 20 are too small, classes of 20-40 may or may not be big enough depending on the circumstances of each case, and classes of 40 or more are numerous enough." *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988).

In the present case, the Class consists of all California residents enrolled in an Anthem ERISA plan whose request for authorization for eating disorder treatment was processed through Anthem's Utilization Review program. From August 5, 2012 through December 9, 2020, there were 2,281 such requests, and since some Class Members may have made multiple requests, the number of Class Members may be somewhat fewer. (Kantor Dec. ¶ 67.) The Settlement Subclasses consist of Class Members whose requests were denied and, through December 9, 2020, there were 149 denials. (*Id.*) Therefore, the proposed Class and Subclasses satisfy the Rule 23(a)(1) numerosity requirement.

#### 2. Rule 23(a)(2) - Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P 23(a)(2). The rule is satisfied when the claims of the proposed class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Store, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). However, a plaintiff need not show that every question in the case, or even a preponderance of questions, is capable of class-wide resolution, as long as there is "even a single common question," a would-be class can satisfy the commonality

requirement of Rule 23(a)(2). *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013) (citing *Wal-Mart*, at 359).

In the present case, the Class Members share the following common questions: (1) whether Anthem's Utilzation Review program violated ERISA, MHPAEA and/or the California Parity Act; (2) whether Anthem violated the terms of the Class Members' plans by using guidelines that did not meet the plans' definition of "medically necessary" treatment; (3) whether Anthem breached its fiduciary duties by sending denial letters signed by medical reviewers not involved in the medical review; and (4) whether Anthem breached its fidicuary duties by failing to disclose its medical reviewers had authorized a higher level of care than that stated in the denial letters. (TAC ¶78 (a)-(e).) In a factually similar case, the court found that the plaintiffs' challenge to an insurer's adoption of medical necessity guidelines that were more restrictive than generally accepted standards of care met the commonality requirment of Rule 23(a)(2). *Wit v. United Behavioral Health*, 317 F.R.D. 106, 127-29 (N.D. Cal. 2016).

### 3.  Rule 23(a)(3) – Typicality

Rule 23(a)(3) requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality requires that the named plaintiffs have claims "reasonably co-extensive with those of absent class members," but their claims do not have to be "substantially identical." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998). The test for typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992) (citation omitted).

Plaintiffs Bailey and Jump were both insured under Anthem ERISA plans, suffered from eating disorders, requested authorization for their eating disorder treatment, had their requests processed through Anthem's Utilization Review program, and had their requests denied even though their treatment was medically necessary. (Kantor Dec. ¶¶ 23-24.)

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Accordingly, their claims are co-extensive with those of the other Class Members and, therefore, typical.

### 4.    Rule 23(a)(4) – Adequacy of Representation

Rule 23(a)(4) requires that the representative plaintiffs "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them. *Hanlon*, 150 F.3d at 1020. Courts must consider (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel vigorously prosecute the action on behalf of the class. *Id.*

The interests of Plaintiffs Bailey and Jump are co-extensive with and do not conflict with the Class Members' interests. (Kantor Dec. ¶¶ 23-24.) Additionally, proposed Class Counsel are experienced in both insurance and class litigation and have previously been appointed as Class Counsel in similar litigation. (*Id.* at ¶¶ 74-76; Trepinski Dec. ¶¶ 27-28.) They are leaders in the development of California and federal mental health parity law and were actively involved in the drafting of California's new Parity Act, which became effective January 1, 2021. (Trepinski Dec. ¶¶ 16-20.) Therefore, Plaintiffs and their counsel satisfy the adequacy of representation requirement of Rule 23(a)(4).

### B.    The Settlement Class Satisfies the Rule 23(b)(3) Requirements

An action that meets the prerequisites of Rule 23(a) may be maintained as a class action only if it also meets the requirements of one of the three subdivisions of Rule 23(b). *Hanlon*, 150 F.3d at 1022. In the present case, Plaintiffs seek certification under Rule 23(b)(3), which requires "[1] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and [2] that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The proposed class action meets both of these requirements.

**1.  Rule 23(b)(3) – Predominance**

The Rule 23(b)(3) predominance inquiry tests whether the proposed class or classes are sufficiently cohesive to warrant adjudication by representation. *Hanlon*, 150 F.3d at 1022 (citation omitted). This analysis assumes that the existence of common issues of fact and law have been established pursuant to Rule 23(a), so commonality alone is not sufficient to fulfill Rule 23(b)(3). *Id.* Instead, the focus is on the relationship between common and individual issues. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Id.* (citation omitted).

In the present case, common questions of law and fact clearly "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Anthem breached its duties to all Class Members in the same way by processing their requests for authorization for eating disorder treatment through its Utilization Review program that violated both ERISA and the Parity Act. *Wit v. United Behavioral Health*, 317 F.R.D. 106, 140-41 (N.D. Cal. 2016) ("[T]he predominance requirement is satisfied . . . [since] the case stands or falls based on the question of whether the use of UBH's Guidelines to adjudicate the class members' claims constituted a breach of fiduciary duty . . . .").

**2.  Rule 23(b)(3) - Superiority**

Rule 23(b)(3) also requires that class resolution must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) requires determination of whether the objectives of the class action procedures will be achieved in the particular case. *Hanlon*, 150 F.3d at 1023. This determination necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution. *Id.*

The proposed Class satisfies the superiority requirement because "the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land*

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

*Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). As the court noted in *Wit v. United Behavioral Health*, 317 F.R.D. 106, 140 (N.D. Cal. 2016):

> [I]t is in the interest of judicial economy to adjudicate the class members' challenge to the Guidelines, which is the main issue as to all of the putative class members, in a single forum on a classwide basis. While the amounts spent on treatment by putative class members are not insignificant, they pale in comparison to the expense of bringing a legal challenge to UBH's Guidelines in an individual legal action.

As explained above, there are overriding common issues that allow for a finding of liability against Anthem and for the application of a common remedy--injunctive relief to require reprocessing of the denied claims. Certification, therefore, would best serve the interest of both the individual Class Members and judicial economy. **This is especially true where, as here, the Class consists of a "vulnerable population," those with Severe Mental Illnesses.** Courts have recognized that for groups with disadvantages, such as a limited understanding of English or prisoners and migrant workers, the class action is a superior way of pursuing relief.[3]

## VI. THE PROPOSED SETTLEMENT SATISFIES THE REQUIREMENTS FOR PRELIMINARY APPROVAL

### A. The Standard for Preliminary Approval

When the court determines that the proposed class preliminarily satisfies the requirements of Rule 23(a) and (b), the court must then consider whether the terms of the parties' settlement appear fair, reasonable and adequate. F. R. Civ. P. 23(e)(2). To do so, Rule 23(e) requires the court to consider whether: (1) the class representatives and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the class is adequate; and (4) the proposal treats class

---

[3] *In re Nassau Country Strip Search Cases,* 461 F.3d 219, 230 (2d Cir. 2006) (prisoners); *Silva-Arriaga v. Tex. Exp., Inc.,* 222 F.R.D. 684, 691 (M.D. Fla. 2004) (migrant agricultural workers with limited English and understanding of legal system); *Ramirez v. DeCoster,* 203 F.R.D. 30, 36 (D. Me. 2001) (agricultural workers who have language obstacles).

members equitably relative to each other. *Id.* In the present case, consideration of these

factors establish that the proposed settlement is fair, reasonable and adequate.

**B.** **The Settlement Satisfies the Rule 23(e)(2) Requirements**

**1.** **Rule 23(e)(2)(A) - Adequate Representation**

Rule 23(e)(2)(A) requires that the court consider whether "the class representatives

and class counsel have adequately represented the class." This analysis is redundant of the

requirements of Rule 23(a)(4) discussed above. *In re GSE Bonds Antitrust Litig.*, 414 F.

Supp. 3d 686, 701 (S.D.N.Y. 2019) (noting similarity of inquiry under Rule 23(a)(4) and

Rule 23(e)(2)(A)). If this Court finds that the proposed class satisfies Rule 23(a)(4) for

purposes of class certification, the adequacy factor under Rule 23(e)(2)(A) is also met.

**2.** **Rule 23(e)(2)(B) - Negotiation of the Settlement Agreement**

Rule 23(e)(2)(B) requires that the Court also consider whether the parties reached

their settlement agreement through arm's length negotiations. A settlement that is reached

after good faith arms-length negotiations by experienced counsel "is entitled to a degree of

deference as the private consensual decision of the parties." *Fraley v. Facebook, Inc.*, 966

F. Supp. 2d 939, 942 (N.D. Cal. 2013). In this regard, "[t]he assistance of an experienced

mediator in the settlement process confirms that the settlement is noncollusive." *Baker v.*

*SeaWorld Entm't, Inc.*, 2020 WL 4260712, at *6 (S.D. Cal. Jul. 24, 2020).

In the present case, the settlement negotiations took place over 30 months

(December 2018 through May 2021) and included three mediation sessions before two

different mediators, Magistrate Judge Margaret Nagle (Ret.) and Edward Oster, and

extensive additional negotiations between counsel. (Kantor Dec. ¶¶ 36-55.) Evidencing the

non-collusive nature of the negotiations, the parties continued to litigate the case during the

negotiations, including fully briefing Plaintiffs' appeal of the Court's dismissal of Plaintiff

Bailey. (*Id.* at ¶¶ 30-33.) Concurrently, the parties negotiated the *Ames* settlement, which

involved a similar settlement structure and which was preliminarily and finally approved

by the Superior Court, further indicating the non-collusive nature of the present settlement.

(*Id.* at ¶¶ 16-22.)

### 3. <u>Rule 23(e)(2)(C) - Adequate Relief</u>

Rule 23(e)(2)(C) requires that a court, in determining whether a settlement agreement provides adequate relief for the class, must take into account "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any [other] agreement[s]" made in connection with the proposal. Fed. R. Civ. P. 23(e)(2)(C). The court must balance the continuing risks of litigation with the benefits afforded to class members. *Baker v. SeaWorld Entm't, Inc.*, 2020 WL 4260712, at *6-8 (S.D. Cal. Jul. 24, 2020).

In the present case, Plaintiffs and Anthem recognize the risk of continued litigation. The Court had dismissed Plaintiff Bailey and her appeal of that dismissal was fully briefed, but not yet argued, when the case settled. (Kantor Dec. ¶¶ 48 & 54.) On the other hand, the Court had denied Anthem's motion to dismiss as to Plaintiff Jump and, regardless of the outcome of the appeal, the litigation of Ms. Jump's claim for declaratory and injunctive relief would have continued. (*Id.* at ¶¶ 31-32.) Therefore, both parties faced an uncertain litigation future. As a general matter, unless the settlement is clearly inadequate, approval of a settlement is "preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (citation omitted).

With respect to the proposed method of distributing relief to the Subclass, the reprocessing remedy gives Class Members the opportunity to have a "do over" and have Anthem reconsider their claims under Anthem's new medical necessity guidelines. (Kantor Dec. ¶ 63.) If the Subclass Member chooses to forgo reprocessing, they can qualify for a set payment, the amount of which is dependent on whether they continued ($5,500) or

discontinued ($2,100) treatment after Anthem's denial. (*Id.* at ¶¶ 62 & 64-65.)[4] The amounts of the set payments are significantly larger than the similar payments in the *Ames* settlement (in that case, $2,375 for continued treatment and $1,500 for discontinued treatment), which was approved by the Superior Court. (*Id.* at ¶¶ 19 & 22.)

Though there is a $400,000 "cap" on reprocessing claims, if the amount of approved claims exceeds the cap, claimants will receive a pro rata share of the $400,000. (Kantor Dec. ¶¶ 49-52.) Plaintiffs' counsel believe that the $400,000 cap will be sufficient to provide recoveries for Subclass Members who elect reprocessing. (*Id.*)

Finally, if the Subclass Members are unhappy with the results of Anthem's reprocessing or the results of their claims for a set payment, they can appeal to a Special Master whose decision will be final and binding on the parties. (SA ¶ III. D. 3. b.) The parties have agreed to ask the Court to appoint as Special Master Eliot Gordon, Esq., a JAMS neutral who was appointed by the Superior Court as Special Master in the *Ames* settlement. (Kantor Dec. ¶ 66.)

As for attorneys' fees, an attorney's fee request need not be resolved at the preliminary approval stage since the propriety of the fee request can be determined at the final fairness hearing. *Millan v. Cascade Water Services, Inc.*, 310 F.R.D. 593, 613 (E.D. Cal. 2015). In the present case, the Settlement Agreement provides that Anthem will pay attorneys' fees and expenses in an amount awarded by the Court on Plaintiffs' motion, which is to be heard at the fairness hearing. (SA ¶ III. E. 1.) Anthem has the right to oppose Plaintiff's motion for attorneys' fees.

### 4. Rule 23(e)(2)(D) - Equitable Treatment of Class Members

Rule 23(e)(2)(D) requires that a court consider whether the proposed settlement treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(D). In doing so, the Court determines whether the settlement "improperly grant[s] preferential treatment

---

[4] For example, a Subclass Member who qualifies for reprocessing may choose a $2,375 Discontinued Treatment payment, which does not require proof of payment or medical necessity. Many *Ames* class members selected this option. (Kantor Dec. ¶ 62.)

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

to class representatives or segments of the class." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

In the present case, the Settlement does not improperly discriminate between any segments of the Settlement Class as all Class Members are entitled to the same relief. Moreover, while the Settlement Agreement does allow Plaintiffs to seek a service award of $15,000 each, that amount is reasonable, and, in any event, whether to reward Plaintiffs for their efforts is within the Court's discretion. *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

### C.    The Notice Plan Satisfies the Rule 23(e)(1)(B) Notice Requirements

In addition to the criteria of Rule 23(e)(2) for approval of a proposed settlement, Rule 23(e)(1)(B) requires that the "court must direct notice in a reasonable manner to all class members who would be bound by" the proposed settlement. Fed. R. Civ. P. 23(e)(1)(B). A class action settlement notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004).

The proposed Notice plan satisfies Rule 23. Anthem can identify Class Members from its records and the Settlement Administrator will send via first class U.S. mail the Summary Settlement Notice and Claim Forms to all Class Members. (SA ¶ III. C. 3. & III. D. 2.) The Summary Settlement Notice clearly describes the terms of the settlement and the options of the Class and Subclass Members. (SA, Exhibit 8.) In addition, the Settlement Administrator will establish a Settlement Website and a toll-free number to provide Class Members with additional information. (SA ¶ III. C. 5.)

## VII.    THE PROPOSED SCHEDULE

Plaintiffs propose the schedule attached as Exhibit A.

## VIII.    CONCLUSION

For the reasons stated in this motion, the Court should enter the proposed Preliminary Approval Order.

15

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Dated: July 15, 2021

KANTOR & KANTOR, LLP

LAW OFFICES OF KATHRYN M. TREPINSKI

By: /s/ Lisa S. Kantor
     Lisa S. Kantor

Attorneys for Plaintiffs AURORA BAILEY and EMILY JUMP, on behalf of themselves and all others similarly situated

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

16

# EXHIBIT A

| DATE | EVENT |
| --- | --- |
| Day 1 | Entry of Preliminary Approval Order |
| Day 7 | Last day for Anthem to provide Settlement Administrator with a list of Class Members |
| Day 30 | Last day for Settlement Administrator to mail Summary Notice and Claim Forms to Class Members |
| 45 days after mailing Summary Notice | Last day for Class Members to mail an opt-out notice or objection to the Settlement |
| 90 days after mailing Summary Notice | Last day for Class Members to mail or submit through the Website completed Claim Forms |
| To be set by Court | Last day to file Motion for Final Approval |
| 35 days before Fairness Hearing | Last day for Plaintiffs to file Motion for Attorneys' Fees and Expenses |
| 21 days before Fairness Hearing | Last day to file opposition or challenges to Plaintiffs' Motion for Attorneys' Fees and Expenses |
| To be set by Court | Fairness Hearing |
| 15 days after Settlement Effective Date[5] | Last day for Settlement Administrator to submit Reprocessing Claims to Anthem for reprocessing |
| 30 days after Settlement Effective Date | Last day for Settlement Administrator to send settlement checks to Continued Treatment and Discontinued Treatment Subclass Members |

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

---

[5] The Settlement Effective Date is the date when the time for appeal from the Judgment and Final Approval Order has expired or, if appealed, when the Judgment and Final Approval Order have been affirmed and such affirmance is no longer subject to further review. SA I. HH.